IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

EDWIN F. WASHINGTON,
    Plaintiff,

vs.                               Case No. 5:08cv193/RH/EMT

R. HARRIS, et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

    Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed in forma pauperis (Docs. 1, 2).

    Plaintiff names nine Defendants in this action:  R. Harris, Warden of Washington Correctional Institution (WCI); C. Prannon, Assistant Warden; D. Bracewell, Shift Supervisor; Lt. M. Foskie, Shift Supervisor; J.A. Fish, Classification Officer; L. Lykins, Classification Officer; M. Angour, Investigator; B.A. Hughes, MSB Officer; and S. Milliken, a representative of the Office of the Secretary of the Department of Corrections (DOC) (Doc. 1 at 1–2).  Plaintiff states that on February 16, 2008, Defendant Hughes issued a false disciplinary report against him in retaliation for filing grievances against several officers on the 3:00–11:00 shift at WCI (*id.* at 7).  Plaintiff alleges Defendant Angour, the investigating officer, delivered notice of the disciplinary charge to him (*id.*).  Plaintiff asked Officer Angour if he intended to read the disciplinary report to him and obtain his signature on the "witness statements" section of the investigative form, but Officer Angour walked away (*id.*).  Plaintiff states the disciplinary team, consisting of Defendants Fish and Foskie, violated his due process rights during the disciplinary hearing (*id.*).  He also contends there was insufficient evidence to support the conviction (*id.*).  Plaintiff states he filed grievances appealing the disciplinary decision, but either the grievances were denied for erroneous procedural

reasons or officials failed to respond (*id.*).  Plaintiff additionally states Defendant Lykins "illegally" attempted to upgrade Plaintiff's custody status to CMII (*id.*).  Plaintiff claims Defendants denied his rights to due process and access to the courts, in violation of the First, Fourth, Fifth, Eighth, Fourteenth, and Eighteenth Amendments (*id.* at 8).  As relief, he seeks compensatory damages for mental and emotional distress he suffered while confined in segregation, punitive damages, declaratory relief, and restoration of gain time and visitation privileges (*id.*).

The court takes judicial notice of three cases previously filed by Plaintiff in the federal courts:  (1) Washington v. Moore, et al., Case No. 3:02cv896-HES (M.D. Fla. Sept. 22, 2002); Washington v. McDonough, Case No. 5:07cv158-RS-EMT (N.D. Fla. Nov. 14, 2007), and Washington v. McDonough, No. 5:07cv178-MCR-EMT (N.D. Fla. Oct. 29, 2007).[1]  Plaintiff was incarcerated at the time of filing each of those cases, as his address of record was a penal institution, and his address did not change during the course of the litigation.  Additionally, the cases were dismissed by the district court on the ground that they failed to state a claim upon which relief may be granted.  *See* Washington v. Moore, et al., Case No. 3:02cv896-HES, Doc. 4 (dismissing section 1983 action for failure to state a claim);  Washington v. McDonough, Case No. 5:07cv158-RS-EMT, Doc. 27 (dismissing mandamus action for lack of jurisdiction and failure to state a claim); Washington v. McDonough, No. 5:07cv178-MCR-EMT, Doc. 14 (dismissing mandamus action for lack of jurisdiction and failure to state a claim).

Pursuant to the "three strikes" provision of the Prison Litigation Reform Act:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the instant case, Plaintiff is clearly still a prisoner, and the instant civil rights action concerns the conditions of his confinement.  Furthermore, his three prior cases, identified *supra*,

---

[1]The inmate number of the plaintiffs in these cases, #625867, is the same as Plaintiff's inmate number (*see* Doc. 1 at 1).

qualify as "strikes" under § 19159(g). Moreover, the facts alleged by Plaintiff do not show that he is suffering ongoing serious physical injury, nor do they allege a likelihood of imminent serious physical injury. Because the facts do not suggest that Plaintiff's current conditions of confinement pose an imminent threat of serious physical injury, he does qualify under the imminent danger exception to § 1915(g). Accordingly, he may not proceed in forma pauperis. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001).

Accordingly, it is respectfully **RECOMMENDED**:

1. That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED without prejudice** to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

2. That all pending motions be **DENIED as moot**.

At Pensacola, Florida, this 27th day of June 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636;** United States v. Roberts, **858 F.2d 698, 701 (11th Cir. 1988)**.